UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JODY WILLIAMS

    Plaintiff,
v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, JODY WILLIAMS ("WILLIAMS"), by and through her undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. WILLIAMS brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. WILLIAMS was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2),  in that the defendant, LINA,

is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to WILLIAMS by LINA.

6. WILLIAMS was at all times material an employee of FORFEITURE SUPPORT ASSOCIATES, LLC. ("FORFEITURE SUPPORT")

7. WILLIAMS was at all times material a plan participant under the FORFEITURE SUPPORT ASSOCIATES, LLC long-term Disability Plan, Group Policy No. LK-0980176 (the "LTD Plan") which is established by FORFEITURE SUPPORT and pursuant to which WILLIAMS is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by FORFEITURE SUPPORT, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, WILLIAMS is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

"An Employee is Disabled if, because of Injury or Sickness, he or she is

1. Unable to perform the material duties of his or her regular occupation; and
2. Unable to earn 80% or more of his or her indexed earnings from working in his or her regular occupation

After disability benefits have been payable for 24 months, the employee is considered disabled if, solely due to injury or sickness, he or she is:

1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience; and
2. Unable to earn 80% or more of his or her indexed earnings.

13. Since approximately July 26, 2014, WILLIAMS has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, WILLIAMS made a claim to LINA under the LTD Plan for disability benefits which LINA denied.

15. LINA, in a letter dated January 29, 2015, denied WILLIAMS' claim contending WILLIAMS was not disabled.

16. WILLIAMS properly appealed LINA'S adverse determination.

17. By letter dated April 7, 2015, LINA affirmed its adverse determination and advised WILLIAMS that she could submit a second appeal.

18. WILLIAMS properly appealed LINA'S adverse determination.

19. By letter dated November 20, 2015, LINA upheld its adverse determination and advised WILLIAMS that she has the right to bring legal action and that she had exhausted all administrative levels of appeal and no further appeals will be considered.

20. At all relevant times, WILLIAMS complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

21. At all times material, WILLIAMS has been unable to perform the material duties of her

regular occupation.

22. At all times material, WILLIAMS has been unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified for based on education, training, or experience.

23. At all times material, WILLIAMS has been unable to earn 80% or more of her indexed earnings as defined in the LTD Plan.

24. At all relevant times, WILLIAMS has been receiving appropriate care.

25. At all relevant times, WILLIAMS was a Covered Person under the LTD Plan.

26. Under the terms of the policy, the benefit waiting period is 180 days, which began on July 26, 2014 and ended on January 21, 2015 therefore WILLIAMS' benefit start date is January 22, 2015.

27. From January 22, 2015 to the present date, WILLIAMS has not received benefits owed to her under the LTD Plan, despite WILLIAMS'S right to these benefits.

28. LINA has refused to pay WILLIAMS'S LTD benefits since January 22, 2015.

29. At all relevant times, LINA was the payor of benefits.

30. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

31. At all relevant times, LINA was appointed by FORFEITURE SUPPORT, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

32. At all relevant times, WILLIAMS has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

33. WILLIAMS has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

34. WILLIAMS incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

36. Pursuant to 29 U.S.C. §1132(a)(1)(B), WILLIAMS, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

37. WILLIAMS has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA'S failure to pay her disability benefits.

38. WILLIAMS has exhausted all administrative remedies under the LTD Plan.

39. Defendant breached the LTD Plan and violated ERISA in the following respects:

　　(a) Failing to pay LTD benefit payments to WILLIAMS at a time when LINA knew, or should have known, that WILLIAMS was entitled to those benefits under the terms of the LTD Plan, as WILLIAMS was disabled and unable to work and therefore entitled to benefits.

　　(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of WILLIAMS'S claim for LTD benefits;

　　(c) After WILLIAMS'S claim was terminated in whole or in part, LINA failed to adequately describe to WILLIAMS any additional material or information necessary for WILLIAMS to perfect her claim along with an explanation of why such material is or was necessary.

        (d)    LINA failed to properly and adequately investigate the merits of WILLIAMS'S disability claim and failed to provide a full and fair review of WILLIAMS'S claim.

40. WILLIAMS believes and thereon alleges that LINA wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which WILLIAMS is presently unaware, but which may be discovered in this future litigation and which WILLIAMS will immediately make LINA aware of once said acts or omissions are discovered by WILLIAMS.

41. Following the termination of benefits under the LTD Plan, WILLIAMS exhausted all administrative remedies required under ERISA, and WILLIAMS has performed all duties and obligations on her part to be performed under the LTD Plan.

42. As a proximate result of the aforementioned wrongful conduct of LINA, WILLIAMS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding WILLIAMS'S claim for benefits, WILLIAMS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), WILLIAMS is entitled to have such fees and costs paid by LINA.

44. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, WILLIAMS is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, JODY WILLIAMS prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 8, 2016

                                              ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

  /s/ *Victor Peña*
VICTOR PEÑA, ESQUIRE
Florida Bar No.: 0108094
Email: victor@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com